IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILO A.M.L.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, FACILITY ADMINISTRATOR, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | Civil No. 1:26-cv-06174-MWJS<br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 235-017-397 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Camilo A.M.L.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. The court has received and reviewed Respondent's motion to dismiss, Dkt. No. 6, and Petitioner's opposition, Dkt. No. 7.

Petitioner lawfully entered the country under a B-2 visitor visa in December 2023, and his admission was valid until June 2024. *Id.* at pg. 4. After overstaying his visa, Petitioner was arrested by local authorities following a traffic stop in February

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

2026. *Id.* Local authorities then transferred Petitioner to the custody of U.S. Immigration and Customs Enforcement. *Id.*

On June 24, 2026, Petitioner participated in a bond hearing before an immigration judge. *Id.* At the conclusion of that hearing, after finding that Petitioner was not a danger to the community, the immigration judge found that Petitioner was a flight risk. *Id.* The immigration judge granted Petitioner's release on a $65,000 bond.[2] *Id.* Petitioner reserved his right to appeal, and he appealed to the Board of Immigration Appeals (BIA) on July 24, 2026. *Id.* Nothing in the current record suggests that the BIA has decided that appeal. *See* Dkt. No. 6, at pg. 1.

Petitioner now involves this court's habeas jurisdiction, arguing both that his detention is unconstitutionally prolonged, and the immigration judge erred in setting bond at $65,000. Dkt. No. 1, at pgs. 6–9.

Regarding any claims based on the duration of Petitioner's detention, Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). *See* Dkt. No. 6, at pg. 1. Section 1226(a) authorizes the government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

---

[2] The court received and reviewed a digital audio recording of Petitioner's June 2026 bond hearing. Dkt. No. [9]. During the hearing, Petitioner was represented by counsel. At the conclusion of the hearing, in setting bond at $65,000, the immigration judge noted both that Petitioner's sponsor lives in New York, and Petitioner has not been in the country for a significant period. The immigration judge further noted that she had considered financial documentation submitted by Petitioner's sponsor (including tax returns) and Petitioner's husband.

Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified). In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable. 533 U.S. at 701.

Here, although the presumptively reasonable, six-month period of detention recently ended, Petitioner has not provided good reason to believe that his current of detention is not reasonably necessary to bring about his removal. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite"). Thus, habeas relief is not warranted currently based on the duration of Petitioner's detention.

In addition, to the extent Petitioner seeks to challenge the immigration judge's bond decision, he has not exhausted his administrative remedies. Before a district court may reach the merits of a habeas petition challenging immigration detention, it must consider whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzalez*, 548 U.S. 20 (2006). Where a petitioner has failed to do so, a

court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

Exhaustion in this context is prudential rather than jurisdictional. Accordingly, the court must determine whether exhaustion here should be excused. That determination turns on the three considerations identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

Regarding the first factor, where, as here, a petitioner has already received a bond hearing and the administrative remedy remaining is a BIA appeal, agency expertise is not strictly necessary to generate a further record for decision. *See Okoth v. Kaiser*, No. 1:25-cv-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Kithima v. Albarran*, No. 1:26-cv-1659-DJC-JDP, 2026 WL 1078236, at *2 (E.D. Cal. Apr. 21, 2026). The first *Puga* factor therefore weighs against requiring exhaustion.

The second and third factors, however, weigh strongly in favor of requiring it. Section 1226(a) and its implementing regulations establish a comprehensive process for

custody determinations, including the right to a bond hearing before an immigration judge and appellate review by the BIA. *See* 8 C.F.R. §§ 1003.19, 1236.1(d). The Ninth Circuit has held that these procedures are facially constitutional. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). Here, Petitioner participated in the bond hearing process, and the immigration judge ordered his release on a $65,000 bond. Although he has appealed the immigration judge's decision, nothing in the current record suggests that the BIA has decided that appeal. On the second factor, therefore, granting federal habeas relief under these circumstances would permit Petitioner to bypass the appellate tier of the administrative scheme. And allowing Petitioner to do so here would invite other detainees to do the same. *See Kithima*, 2026 WL 1078236, at *2–3; *see also Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).

On the third factor, the BIA has authority to review the immigration judge's bond determination, including its factual findings and application of the applicable legal standards. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii). If Petitioner prevails on appeal, this litigation will be unnecessary. In addition, after the BIA issues its decision, a more fully developed record will be available to support any judicial review that follows. *Kithima*, 2026 WL 1078236, at *3. The second and third *Puga* factors therefore favor requiring exhaustion.

Even where the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Although Petitioner asserts that his pending appeal to the BIA is futile, Dkt. No. 6, at pg. 6–7, he has not adequately shown why that is so. Indeed, Petitioner shown that the BIA lacks the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling. As already noted, the BIA has precisely that authority, *see* 8 C.F.R. § 1003.1(d)(3), and Petitioner points to no case-specific barrier to obtaining meaningful review. *See Kithima*, 2026 WL 1078236, at *3; *Martinez*, 2025 WL 2689844, at *6.

Thus, on the particular facts of this case, the court GRANTS Respondent's motion to dismiss, Dkt. No. 6. *See Liu v. Janecha*, No. 5:26-cv-03627-SSC, 2026 WL 2178768, at *3–4 (C.D. Cal. July 27, 2026) (requiring exhaustion after petitioner raised a variety of claims, including that an immigration judge failed to consider petitioner's ability to pay and alternative conditions of release); *Habibi v. Barr*, No. 20-cv-00618-BAS-RBB, 2020 WL 2097613, at *3–5 (S.D. Cal. May 1, 2020) (requiring exhaustion where

//

//

petitioner argued, among other things, that an immigration judge failed to consider his financial circumstances in setting $30,000 bond). This dismissal is without prejudice. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: August 31, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge